**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANKLIN RILEY, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:15-CV-00459-NCC** |
| | ) | |
| **JENNIFER SACHSE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 6). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

## I. BACKGROUND

On March 16, 2011, a jury found Petitioner guilty of attempted manufacture or production of a controlled substance (Count I) and possession of anhydrous ammonia[1] in an unapproved container (Count II) (Doc. 7-3 at 6). The trial court sentenced Petitioner to consecutive terms of incarceration in the department of corrections of fifteen years for attempted manufacture or production of a controlled substance and four years for possession of anhydrous ammonia in an unapproved container (*Id.*).

Petitioner filed a direct appeal raising three claims:

---

[1] Anhydrous ammonia is a colorless gas traditionally used as an agricultural fertilizer and industrial refrigerant. The gas is a precursor chemical that is sometimes used in manufacturing methamphetamine. *United States v. Burgess*, 119 F. App'x 852, 853 (8th Cir. 2005) (unpublished).

(1) The trial court erred when it overruled Petitioner's motions for judgment of acquittal, and in imposing sentence and judgment against him for attempted manufacturing of a controlled substance because the evidence was insufficient to prove the offense beyond a reasonable doubt as the items were found in a car shared by three occupants in which Petitioner was the passenger, another item was found on the side of the road but officers could not verify that anyone in the car had possessed it or that it contained any illegal ingredient, a cup that the State alleged contained anhydrous ammonia was not found, the evidence was immediately destroyed before Petitioner had any opportunity to test it, the State used improper hearsay evidence to argue Petitioner's guilt, and the evidence as a whole was insufficient to prove that Mr. Riley had any knowledge of the manufacturing process or had the requisite intent to commit this offense;

(2) The trial court erred when it overruled Petitioner's motions for judgment of acquittal, and in imposing sentence and judgment against him for being an accomplice to possession of anhydrous ammonia in a nonapproved container because the evidence was insufficient to show that any person possessed anhydrous ammonia in a cup or a pitcher, or that Petitioner aided or encouraged the unnamed person in any way; and

(3) The trial court erred when it allowed the State to elicit testimony from Corporal Matt Wilt about out-of-court statements made to him by Louis Goodwin, a non-testifying key witness, because the testimony constituted impermissible hearsay, the prosecutor elicited the statements in order to prove the truth of the matter asserted, but Goodwin was not called to testify at trial and the State did not present sufficient evidence to show that he was unavailable, and Petitioner was severely prejudiced by being denied any opportunity to confront a key witness and accuser in his case, and he was further prejudiced when the prosecutor argued the truth of the hearsay testimony to the jury during closing to convince them to find Petitioner guilty.

(Doc. 7-5). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment (Doc. 7-7).

On September 7, 2012, Petitioner filed a *pro se* motion for post-conviction relief (Doc. 7-9). On March 1, 2013, with the assistance of counsel, Petitioner filed an amended motion for post-conviction relief (*Id.* at 14-34). On December 21, 2013, after an evidentiary hearing, the motion court denied Petitioner's amended motion (*Id.* at 35-39). On January 23, 2014, Petitioner filed a notice of appeal (*Id.*at 3) and, with the assistance of counsel, subsequently submitted a brief in support of his appeal raising the following two grounds for relief:

(1) The motion court erred in denying Petitioner's motion for post-conviction relief because Petitioner was denied effective assistance of counsel as his trial counsel failed to

> object and seek a mistrial when the venire panel was tainted by inflammatory and prejudicial remarks by venire panel members #48, Mr. Anderson, and #13, Ms. Harris, that they knew Petitioner and his father, and because of that, they knew Petitioner was guilty; and
>
> (2) The motion court erred in denying Petitioner's motion for post-conviction relief because Petitioner was denied effective assistance of counsel as his trial counsel failed to object to the testimony of Corporal Matt Wilt that Louis Goodwin told him that a pitcher was thrown from the vehicle in which appellant was riding, and that the fumes from the pitcher burned his arm and face, on the basis that it constituted improper hearsay testimony.

(Doc. 7-10). On November 12, 2014, the Missouri Court of Appeals for the Eastern District affirmed the circuit court's denial of the motion (Doc. 7-12).

On March 12, 2015, Petitioner filed the instant Section 2254 Petition in which he raises the following three grounds for relief:

> (1) Trial counsel was ineffective for failing to object and seek a mistrial when two venirepersons indicated that they knew Petitioner and assumed he was guilty (Doc. 1 at 5);
>
> (2) Trial counsel was ineffective for failing to object to out-of-court hearsay testimony and the State's use of that testimony in closing argument (*Id.*); and
>
> (3) Trial counsel was ineffective for failing to object to the State's questions regarding Petitioner's assertion of his right to remain silent (*Id.*).

## II. DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Procedural Default**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

A portion of Ground 2 and the entirety of Ground 3 have been procedurally defaulted and may not give rise to federal habeas relief. Although he raised these grounds before the motion court, Petitioner failed to raise them in his appeal of the motion court's decision. Specifically, Petitioner did not raise Ground 3 before the post-conviction appellate court. As to Ground 2, before the post-conviction appellate court Petitioner asserted that the motion court erred in denying Petitioner's motion for post-conviction relief because Petitioner was denied effective assistance of counsel as his trial counsel failed to object to the testimony of Corporal Matt Wilt that Louis Goodwin had told him that a pitcher had been thrown from the vehicle in which Petitioner was riding, and that the fumes from the pitcher had burned his arm and face, on the basis that it constituted improper hearsay testimony (Doc. 7-10). However, Petitioner did not raise an ineffective assistance of counsel claim regarding the State's use of this testimony in closing. Failure to appeal from a denial of post-conviction relief constitutes procedural default. *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir. 1991). Default is only excused through a showing of cause and prejudice or miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not alleged cause and prejudice for the default. As a result, Petitioner is not entitled to relief on this portion of Ground 2 and Ground 3.

**B. Merits**

Remaining before the Court for review are the following claims of ineffective assistance of trial counsel: (1) trial counsel was ineffective for failing to object and seek a mistrial when two venirepersons indicated that they knew Petitioner and assumed he was guilty; and (2) trial counsel was ineffective for failing to object to out-of-court hearsay testimony (Doc. 1 at 5).

In order to state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

**1. Statements by Two Members of the Venire Panel**

In Ground 1, Petitioner asserts that trial counsel was ineffective for failing to object and seek a mistrial when two venirepersons indicated that they knew Petitioner and assumed he was guilty (Doc. 1 at 5).[2] Specifically, Petitioner asserts that although two venirepersons were stricken for cause, their responses during voir dire were extremely prejudicial and reasonably competent counsel would have objected to their statements and sought a mistrial (Doc. 7-9 at 18).

During voir dire, when the State asked venireperson 48, "Are you willing to listen to all the evidence before you decide whether somebody's guilty or not?," the following interaction occurred (Doc. 7-1 at 77).

[2] Although Petitioner does not provide the Court with any more detail regarding his claims, he attached various documents from his case as exhibits to his Petition including the motion court's decision (Doc. 1-1 at 1-5) and the post-conviction relief appellate court decision (*Id.* at 10-24). Therefore, the Court will presume that he raises the same issues here that he did before those courts, to the extent that they relate to his specifically raised grounds, and will expand on Petitioner's argument where necessary in accordance with his prior filings.

> Venireperson 48: Well, yeah.
> The State: Okay. Have you already made up your mind that he's guilty?
> Venireperson 48: Pretty much, yeah.
> The State: How could you do that, sir, without having heard any of the evidence?
> Venireperson 48: Well, I know him - - him and his dad.
> The State: Okay. All right. Well, that's a whole different question.
> Venireperson 48: All right. Sorry.
> The State: Anybody else here know the defendant? Okay. Got a few hands. All right. And number 48, you do, too?
> Venireperson 48:Yes.
> The State: And you know his dad?
> Venireperson 48: Uh-huh.
> The State: And because you know his dad, you think you don't need to hear any evidence? You already know he's guilty?
> Venireperson 48: Yeah.
> The State: Yes?
> Venireperson 48: 95 percent chance, yea.
> The State: All right. Okay. Thank you, sir.
>
> (*Id.* at 77-78).

Immediately following the State's interaction with venireperson 48, the State turned to venireperson 13 and the following exchange transpired.

> The State: All right. Okay. Thank you, sir. Juror number 13, you know the defendant?
> Venireperson 13: Yes.
> The State: All right. And would you say that you were friends with him or his family or - -
> Venireperson 13: Yes.
> The State: How do you know him?
> Venireperson 13: His mom and dad.
> The State: Okay. So you know his dad, too?
> Venireperson 13: Yeah.
> The State: Okay. Are you willing to listen to the evidence to decide whether he's guilty or not even though you know his dad, too?
> Venireperson 13: I would have to say he's guilty.
> The State: Okay. How could you know, ma'am?
> Venireperson 13: Well, we had problems. He was - -
> The State: Wait. Wait. Have you heard any evidence yet?
> Venireperson 13: No. But I know - -
> The State: Okay. Do you know what he's charged with?
> Venireperson 13: Drugs.
> The State: Okay. So would it be unfair for you to be on this jury?
> Venireperson 13: Yeah.
> The State: Okay. Yeah. Okay. All right. Thank you. I'll just stop right there.

(*Id.* at 78-80).

The trial court struck both venireperson 13 and venireperson 48 for cause (*Id.* at 146-147). Trial counsel did not object to or request a mistrial based on these statements. During the motion court's evidentiary hearing, counsel testified that she recalled that the other jurors said they would listen to the evidence and decide the case based on the evidence (Doc. 7-8 at 36).

The motion court determined that the failure of trial counsel to object to or request a mistrial based on these statements did not deprive Petitioner of a fair trial (Doc. 7-9 at 38). Specifically, the motion court found that Petitioner failed to demonstrate that he was prejudiced and that the extraordinary remedy of a mistrial was warranted because "[t]he two venire members in question were stricken for cause, their statements were not emphasized or repeated at any phase of the trail, and substantial evidence of [Petitioner's] guilt was presented a[t] trial" (*Id.*). The post-conviction appellate court determined that Petitioner failed to show that he was prejudiced by trial counsel's failure to object and seek a mistrial following the statements (Doc. 7-12 at 9). Specifically, the post-conviction appellate court found that "[a]lthough panel members 13 and 48 made negative statements during voir dire about Riley, these statements were not so inflammatory and prejudicial as to taint the entire venire panel against Riley and require a mistrial" (*Id.*at 10). Therefore, relying on Missouri state law, the post-conviction appellate court found that Petitioner failed to show a reasonable probability that the trial court would have granted a mistrial and concluded that there is no reasonable probability that the outcome of the trial would have been different had trial counsel objected and requested a mistrial (*Id.*).

The Missouri Courts reasonably applied *Strickland*. Relying on Missouri state law, the post-conviction appellate court concluded that the statements by the venire panel members would

not have warranted a mistrial. To the extent Petitioner asserts a challenge to the state court's application of state law, that claim is non-cognizable; this Court cannot review the state court's interpretation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006). To the extent Petitioner's claim touches on his 6th Amendment right to an impartial jury, a mistrial was not warranted in these circumstances, where the jurors were stricken for cause, the remaining jurors indicated that they could decide the case on the evidence before them, and the comments were not emphasized during voir dire or trial. *United States v. Pendleton*, 832 F.3d 934, 943 (8th Cir. 2016) (finding the trial court did not abuse its discretion when it proceeded with the venire panel because the trial court was in the best position to observe the panel and determined that its questions and instructions would suffice to protect defendant's constitutional rights). *See also Butler v. United States*, 351 F.2d 14, 17, 19-20 (8th Cir. 1965) (rejecting a defendant's contention that the court denied his right to a fair trial when it retained the venire panel and instructed the jury to disregard a prospective juror's statement that she worked with victims who suffered "a lot of trouble" because of the defendant's actions). Therefore, counsel cannot be found ineffective for failing to object to and request a mistrial based on these statements. *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (counsel not ineffective for failure to raise meritless issue). Accordingly, Ground 1 is denied.

**2. Hearsay Testimony**

In the portion of Ground 2 not procedurally defaulted, Petitioner asserts trial counsel was ineffective for failing to object to out-of-court hearsay testimony (Doc. 1 at 5). Petitioner specifically argues that an objection by counsel would have been sustained by the trial court and, without the hearsay testimony, a reasonable probability exists that the outcome of the trial would

have been different (Doc. 7-9 at 25-27).

During his testimony, Corporal Matt Wilt ("Corporal Wilt") indicated that the Hannibal Police Department's involvement began when an individual later identified as Louis Goodwin ("Goodwin") called dispatch to report that he was following a car he believe had been involved in the theft of anhydrous ammonia (Doc. 7-1 at 178). Corporal Wilt testified that he spoke with Goodwin after the incident and that Goodwin told him someone in the suspect vehicle threw a pitcher out of the vehicle, the pitcher struck Goodwin's vehicle, and the fumes from the substance in the pitcher burned Goodwin's face and arm (*Id.* at 187; Doc. 702 at 11-12). Corporal Wilt further testified that he did not observe any visible injuries on Goodwin and that Goodwin refused medical treatment (Doc. 7-1 187-88). Trial counsel did not object to this testimony.

Officer Jonathan Borgmeyer ("Officer Borgmeyer") testified that he saw an object coming over the top of Goodwin's car, splattering a liquid (Doc. 7-2 at 28). Corporal Wilt testified that he observed a white film consistent with anhydrous ammonia on the windshield (Doc. 7-1 at 187; Doc. 7-2 at 13). He took a photograph of the windshield but the substance was never tested (Doc. 7-1 at 181, 187). Corporal Wilt testified that officers found a pitcher in the roadway approximately a mile back from where the suspect vehicle was eventually stopped (Doc. 7-1 at 185, 192-93; Doc. 7-2 at 53-54). Officer Borgmeyer also testified that he saw a cup being thrown from the suspect vehicle and that he observed smoke or steam coming off the top of the cup (Doc. 7-2 at 31-32). Additionally, Corporal Wilt testified that saw the cup rolling on the highway (Doc. 7-2 at 18-19). The cup was never retrieved or taken into evidence (*Id.* at 32). In closing, the State mentioned that Goodwin said he got burned when the anhydrous ammonia hit his car (Doc. 7-2 at 114). Again, trial counsel did not object.

The motion court determined that Petitioner was not prejudiced by trial counsel's failure to object to the hearsay statements in Corporal Wilt's testimony because he failed to show a reasonable probability that the outcome of the proceeding would have been different if the hearsay had not been admitted because the State presented substantial evidence of Petitioner's guilt (Doc. 7-9 at 38). The post-conviction appellate court found that the failure to object to the hearsay testimony "fell outside the wide range of professional competent assistance" (Doc. 7-12 at 13 (citing *Zink v. State*, 278 S.W.3d 170, 176 (Mo. 2009) (en banc)). However, the post-conviction court found that Petitioner failed to establish prejudice because of the inadequate performance (*Id.*). Specifically, the post-conviction appellate court found no other testimony supported Goodwin's assertions that he was burned by the liquid in the pitcher or that the liquid in the pitcher smelled like ammonia (*Id.* at 14). Indeed, the post-conviction court noted that Corporal Wilt testified that he did not see any visible burns on Goodwin (*Id.*). Further, the post-conviction appellate court found there to be "substantial other evidence establishing the factual underpinnings of [Petitioner's] conviction" (*Id.*). In doing so, the post-conviction court noted: (1) Officer Borgmeyer testified that he witnessed an object come off the top of Goodwin's vehicle, splatter liquid, and fall to the highway; (2) a broken pitcher was later recovered at that location; (3) the State produced evidence of pseudoephedrine pills and Mason jars as well as the relationship of these items to anhydrous ammonia in the production of methamphetamine; (4) the strong smell of ammonia noted by Corporal Wilt; (5) the film left on Goodwin's windshield; and (6) the cloud of white smoke emanating from the cup (*Id.*).

The Missouri Courts reasonably applied *Strickland*. While the courts found that portions of the testimony were indeed impermissible hearsay and counsel's deficient performance in failing to object was not reasonable, they found Petitioner not prejudiced by the error. Even if a

petitioner satisfies the performance component of the *Strickland* analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Strickland*, 466 U.S. at 697. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669. Indeed, upon the review of the record, the Court cannot find that the outcome of Petitioner's trial would have been any different absent trial counsel's failure because the State presented substantial evidence of Petitioner's guilt including testimony by two officers that items had been thrown from the vehicle, the recovery of one of the items, a white film on Goodwin's car, and the smell of ammonia. The officers also found Mason jars and crushed pseudoephedrine pills in the vehicle and testified to their relationship to anhydrous ammonia and the production of methamphetamine. Accordingly, this argument raised in Ground 2 is denied.

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**, and this action is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

Dated this 6th day of February, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE